UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD E. THOMPSON,

    Plaintiff,

v.

THURSTON COUNTY, GARY EDWARDS, NEIL McCLANAHAN, RAY HANSEN, MIKE PETRIE, DAVE PEARSALL, DAN KIMBALL, WILLIAM "BILL" KENNY, and DEFENDANTS DOES 1 through 5,

    Defendant.

Case No. C03-5615FDB

ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DIRECTING EXECUTION OF AMENDED RELEASE OF ALL CLAIMS

Before the Court is Plaintiff Edward E. Thompson's Motion to Enforce Settlement Agreement. The Court, having considered the Plaintiff's motion, Defendants' briefs in opposition, and the parties' supporting declarations and exhibits, finds, for the reasons set forth herein, that Plaintiff's motion should be denied and Plaintiff ordered to execute the Release of All Claims tendered by Defendant Thurston County as amended by the Court.

I.

The parties entered into a settlement agreement on March 18, 2005, during a settlement conference conducted by Magistrate Judge Kelley S. Arnold. The parties memorialized the terms of that agreement in a handwritten Memorandum of Settlement.

ORDER - 1

The Memorandum of Settlement sets forth several actions to be taken by the parties to effectuate their settlement. These include that Plaintiff will dismiss his state and federal lawsuits against the Defendants; Defendant Thurston County will pay the Plaintiff the settlement amount agreed upon without admitting liability, and Plaintiff will release "Thurston County and all persons and entities associated with it from liability for the matters referred to in the state and federal lawsuits." The Release of All Claims tendered to Plaintiff's counsel on or about March 21, 2005 (the "Release") includes language that it is a full and final release of all claims, whether known or unknown, and acknowledges that the possibility of unknown damages are a risk assumed by Plaintiff in exchange for the settlement funds. By executing the Release, Plaintiff would also be acknowledging that he is precluded from bringing any future claims against these same Defendants arising out the same matters included in the settlement.

II.

There is no dispute that the parties entered into a settlement agreement. There is also no dispute that the parties agreed to the material terms of that settlement, as those terms are set forth in the Memorandum of Settlement. Language of a settlement agreement must be construed literally in a straightforward manner. *See, e.g.*, *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276 (9th Cir. 1986) (*citing Air Line Stewards & Stewardesses Assoc. v. Trans World Airlines, Inc.*, 713 F.2d 319, 321 (7th Cir. 1983)).

When the Court construes the language set forth in the parties' Memorandum of Settlement that ". . . plaintiff will release Thurston County . . . from liability for all matters referred to in the state and federal lawsuits," in such a straightforward and literal manner, it finds that this language is not materially or legally different from the language found in the Release as to both known and unknown claims. Both encompass all claims, asserted and unasserted, that Plaintiff brought or could have brought in his federal and state claims against the Defendants arising from the matters made the subject of those lawsuits. Plaintiff has not shown, nor does the Court find anything unlawful or

ORDER - 2

unreasonable about this proposed language.

The proposed language contained at the end of the first paragraph of the Release, however, does not lend itself to such a straightforward reading. In particular, the words, "resulting to or to result from such matters," is somewhat ambiguous and consequently, may be subject to a much broader interpretation than intended by the parties. On the one hand, the words may reasonably be interpreted to refer to the lawsuits previously mentioned in the sentence. On the other hand, they may just as reasonably be interpreted to mean that Plaintiff is releasing future claims whether or not related to the lawsuits.

However, the Court rejects Plaintiff's proposed language. Including that language, where Plaintiff refuses to release Defendants from liability for future damages related to "ongoing medical treatment or counseling," would result in the improper addition of a material term to a negotiated settlement. Instead, the Court finds that the Release as originally submitted should simply be amended to remove the ambiguity and the parties proceed with the settlement as agreed.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff shall execute the Release of All Claims tendered by counsel for Thurston County with the following alteration to the first paragraph, following the words, "Thurston County Superior Court Case No. 02-2-02001-9," the Release shall read as follows: "**including, but not limited to, all future damages, lawsuits, injuries and expenses resulting from the claims set forth in the aforementioned lawsuits.**" The Release of All Claims shall otherwise remain unchanged;

(2) The fully executed Release of All Claims, and the remaining dismissal orders for the federal and state actions, executed by Plaintiff's attorney of record, shall be delivered to counsel for Thurston County within seven (7) days from the date of this Order;

ORDER - 3

    (3)    Counsel for Thurston County shall deliver to counsel for Plaintiff, a check in the amount of the settlement agreement within three (3) days of the date that Plaintiff performs his obligations set forth in Paragraph 2 above; and

    (4)    Plaintiff's requests for attorney's fees and interest on the settlement amount as terms are **DENIED**.

DATED this 10<u>th</u> day of May, 2005.

                                                    FRANKLIN D. BURGESS
                                                    UNITED STATES DISTRICT JUDGE

ORDER - 4